DISCIPLINARY PROCEEDINGS
PER CURIAM.
Respondent was convicted in federal court of thirty-two counts of criminal activity, including: (1) conspiracy to launder money, to fail to file case transaction reports, to structure financial transactions to evade reporting requirements, to travel in interstate commerce and to utilize interstate commerce to promote racketeering activity; (2) interstate travel and use of communication facilities to further a racketeering enterprise; (3) use or investment of proceeds derived from racketeering activity in interstate commerce; and (4) aiding and abetting the failure to file and report currency transactions and structuring currency transactions to evade reporting requirements, all in violation of 18 U.S.C. § 371,18 U.S.C. § 1952(a)(3), 18 U.S.C. § 1962, 18 U.S.C. § 2, 31 U.S.C. § 5313(a), 31 U.S.C. § 5322(b), and 31 U.S.C. § 5324. Respondent was sentenced to serve concurrently a total term of imprisonment of seventy months. The conviction was affirmed on appeal.
On petition of disciplinary counsel, this court ordered that respondent be suspended from the practice of law and that disciplinary proceedings be instituted. See In re David L. Levy, 590 So.2d 74 (La.1991).
Respondent filed a motion with the disciplinary board consenting to an order of disbarment. Disciplinary counsel concurred in respondent’s request. The hearing committee and the disciplinary board accepted respondent’s proposed consent discipline and recommended disbarment. This court accepts the recommendations of the hearing committee and the disciplinary board.
Accordingly, it is ordered that the name of David L. Levy be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked and cancelled, effective December 13, 1991, the date of this court’s order suspending him from the practice of law. All costs of this proceeding are assessed to respondent.